Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI SCHWARTZ, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TESLA, INC., and DOES 1-10 Inclusive,<br><br>　　　　　Defendant. | Case No. 8:24-cv-00750-ODW (KESx)<br><br>**NOTICE OF VOLUNTARY DISMISSAL** |

NOW COMES THE PLAINTIFF by and through his attorneys to respectfully move this Honorable Court to dismiss this matter with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims. Defendant did not file an answer or a motion for summary judgment at this time, and no Court order is necessary pursuant to the Fed. R. Civ. P., Rule 41(a)(1)(A)(i).

Plaintiff hereby provides the Court with the following information to ensure that the dismissal in this matter is not collusive or prejudicial to the putative class under *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)

Pursuant to Rule 23(e), "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of the Pacific Islands*, *supra*, 1408.

The *Diaz* factors do not apply to the facts of this case, but even if they did, dismissal is nonetheless proper. In 1989, the Ninth Circuit held in *Diaz* that Rule 23(e) applies prior to class certification. 876 F.2d at 1408. At that time, Rule 23 provided that "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." Fed. R. Civ. P. 23(e) (as amended Mar. 2, 1987, eff. Aug. 1, 1987). Under *Diaz*, the district court evaluating dismissal is to "inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or

concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408 (citations omitted).

Notably, *Diaz* was decided <u>prior</u> to amendments to Rule 23(e), which clarified that Rule 23(e) applies to certified classes or settlement classes. Specifically, Rule 23(e) now provides that "[t]he claims, issues, or defenses of a *certified class*—or a *class proposed to be certified for purposes of settlement*" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *see also Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (acknowledging that "in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims"); 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., *Settlement, Voluntary Dismissal, or Compromise of Class Actions* § 1797 (3d ed. 2021) ("settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)"). Accordingly, because no class has been certified, Rule 23(e) does not apply. *See* Fed. R. Civ. P. 23(e).

Nevertheless, even if the Court were to apply the *Diaz* factors to these circumstances, dismissal would be proper. *First*, it is unlikely that any putative class members have relied on the action to protect their interests, nor anything suggesting reliance on Plaintiff's claims. This action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action. Plaintiff's counsel has not contacted any putative class members in any form, nor have any putative class members communicated with Plaintiff's counsel in any form. *Second*, no class has been certified. Investigation indicated that Plaintiff's claims arose from facts

individual to Plaintiff, which likely did not affect other persons, and which may have been subject to an individual arbitration agreement. As such, the rights of the putative class remain unaffected independent of the individual dismissal of Plaintiff's claims. *Third*, as discussed above, there is no settlement or concession of putative class interests given that there has been no settlement or compromise of any kind related to any potential class claims asserted in the Complaint. Even under *Diaz*, dismissal is clearly proper here.

Thus, *Diaz* should not stand as a barrier to dismissal, given the subsequent amendments to Rule 23(e) and the facts of this case in which there is no settlement or compromise of any class claims, no collusion, and no potential prejudice to any putative class member. Moreover, the dismissal as to any putative class members would be *without prejudice*.

For these reasons, Plaintiff requests that this Court enter a dismissal of this action with prejudice as to the named Plaintiff and without prejudice as to the putative class.

Respectfully submitted this 15th Day of July, 2024,

          By: s/ Todd M. Friedman Esq.
            Todd M. Friedman
            Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Filed electronically on July 15, 2024 with:

United States District Court CM/ECF system

Notification sent electronically on July 15, 2024, to:

To the Honorable Court, all parties and their Counsel of Record

                                    By: s/ Todd M. Friedman Esq.
                                        Todd M. Friedman
                                        Attorney for Plaintiff